CAPT. JORGE TORRES, JOSE R. PEREZ, LT., EUGENE
THOMPSON, LT., SGT. CLAUDE A. FREDERICKS,
SGT. JAMES PARRIS, CALVIN LANG, LT.
and OTHERS, Plaintiffs

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

Civil No. 1984/206

RAYMOND E. FREDERICKS, Plaintiff

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

Civil No. 1985/71

District Court of the Virgin Islands

Div. of St. Croix

January 13, 1986

EDDIE RIVERA, ESQ., St. Croix, V.I., *for Jose Torres, et al.*

ANTHONY TAYLOR, ESQ., St. Croix, V.I., *for Raymond Fredericks*

JOYCE GLASON O'REILLY, ESQ., Assistant Attorney General, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## JUDGMENT ORDER

Before us at this time are cross-motions for summary judgment, a motion for class certification and, in the alternative, a motion to join fourteen additional policemen as plaintiffs.

█ We deny the motion for class certification because joinder of the various plaintiffs is not impracticable. Additionally, factual distinctions between the various plaintiffs joined to date indicate that the most expeditious means for handling this case would not be via class action.

█ In a related matter also decided today, Welsh v. Government of the Virgin Islands, Civ. No. 85/123, 1986 St. X. Supp. — (D.V.I. January —, 1986), we held that classified supervisors within the Department of Public Safety, who had received annual increases of 13.4% commensurate with increases mandated by collective bargaining agreements, were not entitled to additional salary increases pursuant to Executive Order 242/1981. As can be seen from a sampling of interrogatories filed to date, some plaintiffs received the increase, others are uncertain whether or not they received any increase, and a third group is certain they did not receive any increase. We therefore believe that judicial resources would be most efficiently used by denying the motion for class action status and simply joining the remaining plaintiffs. With respect to the cross-motions for summary judgment, both sides

make identical arguments as those offered in Welsh. We adopt the Welsh holding and apply it as to the individual plaintiffs before us now.

■ With respect to Jose Perez, we grant summary judgment in favor of the Government since answers to his interrogatories indicate he received a 13.4% annual increase commensurate to increases mandated by collective bargaining agreements. Interrogatory answers for Jorge Torres, Eugene Thompson and Calvin Lang indicate they did not receive annual raises so summary judgment will enter in their favor.

■ James Parris and Claude Fredericks answered no to the question of whether they received a salary increase of 13.4%; however, both qualified their respective answers stating as far as I can recall my answer is no. Since the answer to this question is the dispositive issue before us, we find this uncertainty creates a material question of fact which prevents us from entering summary judgment at this time.

■ Finally, with respect to Felix Cancel, we find that material questions of fact prevent us from entering summary judgment in his case. First, Cancel already received a salary increase pursuant to the Executive Order as indicated by the Honorable Raymond L. Finch in Cancel v. Government of the Virgin Islands, Civ. No. 81/1614 (Terr. Ct. December 2, 1982). Cancel submits that his present claim is limited to back pay while he was a captain and not back pay while he was a lieutenant, this issue having been litigated in the Territorial Court case. It is not clear from the record when, if ever, Cancel was a Captain, thereby creating a material issue of fact. Moreover, even assuming he was a Captain, it is also unclear whether the increment increase provided in the Executive Order was already factored into the Captain's salary and, if not, what increment increase he would be entitled to receive. We will therefore deny both motions for summary judgment in this case.

Finally, we will grant the motion to join as plaintiffs the following police officers: Charles Davis, Jeremy Swan, Anthon J. Christian, Clifford George, George Washington, Calvin Lang, Harry Nesbitt, Daniel Andino, Carlos J. Christian, Anastacio Sanes, Denzil Christian, Ohanio Harris, Roy E. Hendricks and Hugo D. England.

The premises considered, now therefore it is

ORDERED AND ADJUDGED:

THAT the motion for class certification be, and the same, is hereby DENIED, and further

THAT the Government's motion for summary judgment with respect to Jose Perez be, and the same, is hereby GRANTED and Jose Perez' motion for summary judgment is hereby DENIED, and JUDGMENT will enter in favor of the Government, and further

THAT the motions for summary judgment with respect to Jorge Torres, Eugene Thompson and Calvin Lang be, and the same, are hereby GRANTED and the Government's motions for summary judgment with respect to these plaintiffs are hereby DENIED, and JUDGMENT will enter in favor of these plaintiffs, and further

THAT Felix Cancel's, James Parris' and Claude Fredericks' motions for summary judgment, as well as the Government's motions for summary judgment with respect to these plaintiffs be, and the same, are hereby DENIED, and further

THAT the plaintiffs' motion to join additional plaintiffs be, and the same is hereby GRANTED.